IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 21-10098-EFM

JOHNNY L. HOCKADAY,

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Defendant Johnny L. Hockaday's Motion to Enter Plea of Guilty and Conduct Sentencing by Video Hearing (Doc. 23). Hockaday asks the Court to find that "his poor health, the distance and cost of travel to Kansas, and the continuing spread of COVID-19" permits his appearance by video teleconferencing for the combined change of plea and sentencing hearing. The Government opposes Hockaday's Motion. Because the Court does not find that the standards in Administrative Order 2022-03 and the Coronavirus Aid, Relief, and Economic Security ("CARES") Act § 15002(b)(2)(A) warrant the use of video teleconferencing for Hockaday's change of plea and sentencing, the Court denies Hockaday's Motion.

On December 21, 2021, the Grand Jury indicted Hockaday with four counts of possession of counterfeit obligations, in violation of 18 U.S.C. § 472, and one count of manufacture of

counterfeit obligations, in violation of 18 U.S.C. § 471.  After the New Year, he was arrested in the District of Oregon, where he resides.  He was released on bond after one day.  Hockaday appeared by video teleconferencing before this Court on January 21, 2022, for his initial appearance and arraignment.  He entered a plea of "not guilty" as to all the charges against him.

In June 2022, Hockaday notified the Court of his intent to change his plea.  It is anticipated that, as part of a plea agreement with the Government, Hockaday will enter a plea of guilty as to Count IV of the Indictment—possession and uttering of counterfeit obligations, in violation of 18 U.S.C. § 472.  After a continuance, his combined change of plea and sentencing hearing was set for November 28, 2022.  Hockaday moves to appear by video teleconference.  As far as the Court is aware, Hockaday has not yet appeared in-person in the District of Kansas since he was indicted.

Since the onset of the COVID-19 pandemic, this Court has authorized (and reauthorized) the use of video teleconferencing at various stages of a criminal prosecution that would otherwise require an in-person hearing.  In Administrative Order 2022-03, the most recent iteration of these orders, the Court continued to authorize the use of video teleconferencing in felony sentencings under Fed. R. Crim. P. 32.  Pursuant to § 15002(b)(2)(A) of the CARES Act, Order 2022-03 requires that "the district judge in a particular case must find for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice."  The Defendant must also consent to the use of video conferencing, after consultation with counsel.  Defendant obviously consents here, as this is his Motion.

The Court does not find that Hockaday's situation warrants the use of video conferencing at his change of plea and sentencing hearing.  He represents that he has struggled with cirrhosis of the liver for over a decade and is currently on a liver transplant list.  The Government does not dispute this representation but notes that there is no evidence that a medical professional has

advised Hockaday to avoid travel as a result of his health issues. Hockaday also makes no showing as to the substance of the inquiry laid out by Administrative Order 2022-03—that is, that the change of plea and sentencing "cannot be further delayed without serious harm to the interests of justice." The combined hearing has been continued only once so far, and the Court does not find that another continuance, if necessary to allow for an in-person hearing, would do serious harm to the interests of justice. Finally, the United States Probation Office has notified the Court and both parties that an arrest warrant was recently issued for Hockaday in Sedgwick County. The Court does not know whether Hockaday, by his Motion, seeks to frustrate the execution of that warrant, but it seems that proceeding by video conferencing would have that result and would certainly not serve the interests of justice.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Enter Plea of Guilty and Conduct Sentencing Hearing by Video (Doc. 23) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 17th day of November, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE